## JAMES *v.* ZANTZINGER

[No. 100, October Term, 1952.]

*Decided April 15, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marion E. West* for the appellant.

*Ralph W. Powers*, with whom was *George B. Clifford, Jr.*, on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

William V. James has appealed here from an order of the Circuit Court for Prince George's County striking out a final decree which vested in him the absolute and indefeasible title to a tract of 17 acres of land which he had purchased from the County Treasurer at a tax sale.

The tract was sold at auction on March 7, 1949, for nonpayment of taxes by the record owner, Richard R. Jacoby. On March 6, 1951, appellant filed a bill in equity to foreclose the right of redemption of the property. Two subpoenas were issued for Jacoby. The first was directed to Richard R. Jacoby, R. F. D., Bowie, Maryland; the second to Richard R. Jacoby, R. F. D., Bowie. Both were returned *non est*. On May 1, 1952, the Court passed the decree appealed from. The County Treasurer thereupon conveyed the property to appellant by deed recorded on the land records of Prince George's County.

On August 19, 1952, Richard C. Zantzinger, a real estate broker, filed a petition to set aside the decree and annul the County Treasurer's deed. He alleged that he contracted to buy the property from Jacoby in 1947, and that Jacoby gave him a deed for the property in November, 1951, but he failed through inadvertence to have the deed recorded. He also alleged that he sold a portion of the tract to Jack Miller for $2,500, and that Miller built a house thereon at a cost of approximately $7,500. He complained that appellant bought the tract at the grossly inadequate price of $25, and that the decree would cause Miller to lose an investment of approximately $10,000. He argued that it would not be equitable for appellant to keep the large benefit which the decree would permit.

Petitioner attacked the decree on two grounds: (1) that the Court lacked jurisdiction, and (2) that appellant

was guilty of fraud in obtaining the decree. The chancellor agreed with both contentions.

The Maryland Tax Sales Act provides that the Collector shall deliver to the purchaser at the tax sale a certificate of sale, and the holder of the certificate may at any time after the expiration of one year and a day from the date of sale file a bill in equity to foreclose all rights of redemption of the property. Unless a proceeding to foreclose the right of redemption is filed within two years of the date of the certificate of sale, the certificate becomes void. Upon the filing of the bill the Court issues a subpoena for all defendants who are residents of this State. The subpoena warns all defendants to appear on or before a certain day to answer the bill or to redeem the property, and contains a statement that in case of failure to do so a final decree will be rendered foreclosing all rights of redemption. In any case where two successive subpoenas against a defendant have been returned *non est,* such defendant is deemed to be served by publication as if he were a nonresident. At the expiration of the time limited in the subpoena and order of publication, the Court passes a decree, which is final and conclusive. If the Court finds for the plaintiff, the decree vests in the plaintiff "an absolute and indefeasible title in fee simple in the property," free and clear of all encumbrances except taxes accruing subsequent to the date of sale and public easements to which the property is subject. No application shall thereafter be entertained to reopen any such final decree "except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose." Code 1951, art. 81, secs. 82, 98, 104, 110, 111.

First, the chancellor held that the two subpoenas were fatally defective for two reasons: (1) that Jacoby was not a resident of Bowie, but had moved some time previously to Anne Arundel County, and that appellant could easily have ascertained the correct address where Jacoby could have been served, but instead furnished

an erroneous address; and (2) that the address on the second subpoena, "R. F. D. Bowie," was ambiguous.

The law is established that a proceeding to foreclose the taxpayer's equity of redemption is an action *in rem*, and therefore when notice is given by publication to all persons interested in the property or by two subpoenas returned *non est*, the lack of any provision for personal service on the taxpayer of notice of the pendency of the proceeding is not a denial of due process of law. *Gathwright v. Mayor and City Council of Baltimore*, 181 Md. 362, 30 A. 2d 252, 145 A. L. R. 590.

We recognize that the statutory provisions as to notice required to terminate the taxpayer's right to redeem from a tax sale are mandatory and must be strictly followed. For example, *in Wilke v. Merchants State Bank of Richardton*, 61 N. D. 351, 237 N. W. 810, the Supreme Court of North Dakota held that proof of the mailing of a notice of the expiration of the period of redemption from a tax sale to the nonresident owner at his "last known place of residence" was insufficient, because the statute required the notice to be mailed to the owner at his " last known post office address."

However, we are of the opinion that the two subpoenas in the instant case were sufficient. Each contained Jacoby's last known address. There is no merit in the contention that the address on the second subpoena might have misled the Sheriff to think that it meant a person by the name of R. F. D. Bowie. Bowie is a well known town with a post office in Prince George's County, and it is common knowledge that the initials "R. F. D." are an abbreviation of Rural Free Delivery. Nor was the omission of the word "Maryland" from the address on the second subpoena a substantial defect. There is a post office in Bowie, Arizona; one in Bowie, Colorado; and one in Bowie, Texas. But subpoenas are issued in Maryland only for persons within the State. Consequently the alleged omissions in the subpoenas were not substantial and not sufficient to deprive the Court of jurisdiction.

Secondly, the chancellor held that appellant was guilty of fraud in obtaining the decree, because he had knowledge about a month before it was signed that petitioner had bought the property, and yet did not notify him of the proceeding. As we said in *Stewart v. Wheatley*, 182 Md. 455, 35 A. 2d 104, it is the policy of the State of Maryland to prevent the forfeiture of property due to the owner's neglect or inability to pay his taxes promptly, and therefore the statute authorizing the redemption of properties from tax sales should be liberally construed in favor of the taxpayers in order to effectuate the State's policy, if possible. However, in this case appellant was not under any legal or equitable duty to notify any persons who were not shown by the land records to have any interest in the property purchased at the tax sale. Code 1951, art. 81, sec. 101.

In this case Zantzinger, who petitioned that the decree be set aside and alleged that he bought the tract of land in 1947, had five years in which to inquire about the taxes due thereon. He apparently made no effort to pay the taxes. The County Treasurer sold the property at auction in 1949. More than a year and a half after the tax sale, and more than six months after the institution of the suit to foreclose the right of redemption, Zantzinger received a deed for the property from Jacoby, but he failed to record it. More than a year elapsed between the time of the institution of the suit and the final decree vesting absolute and indefeasible title in the purchaser. And yet Zantzinger took no action until nearly four months after the decree was entered.

Petitioner earnestly contended that he had no knowledge of the proceeding to foreclose. But knowledge is imputed to him because the circumstances of which he was cognizant were such as to put a man of ordinary prudence on inquiry, and he could have informed himself of the facts by reasonable diligence. This rule was recognized by the United States Supreme Court in *Leigh v. Green*, 193 U. S. 79, 24 S. Ct. 390, 394, 48 L. Ed. 623, where a statute was assailed because it did not require

notice of the pendency of the proceedings to a lienholder. In the opinion of the Court Justice Day said: "In the case under consideration the notice was sufficiently clear as to the lands to be sold; the lienholders investigating the title could readily have seen in the public records that the taxes were unpaid and a lien outstanding, which, after two years, might be foreclosed and the lands sold and by the laws of the State an indefeasible title given to the purchaser. Such lienholder had the right for two years to redeem, or, had he appeared in the foreclosure case, to set up his rights in the land. These proceedings arise in aid of the right and power of the state to collect the public revenue, and did not, in our opinion, abridge the right of the lienholder to the protection guaranteed by the Constitution against the taking of property without due process of law."

Equity aids the vigilant and will not give relief to a person who has been dilatory in bringing his cause of action. Courts of equity do not restore opportunities which have been permitted to pass by reason of the neglect of those to whom the opportunities were once presented. This is especially true in this case, since the Legislature has prescribed how and when a purchaser may obtain an absolute and indefeasible title to property which he has purchased at a tax sale. The statute gives the owner of any property sold at a tax sale the right to redeem it at any time until the right of redemption has been finally foreclosed by paying to the Collector the amount required for redemption. It is the mandate of the Legislature that the decree foreclosing the right of redemption is final and conclusive and must not be set aside except for lack of jurisdiction or for fraud.

Counsel for appellant stated at the argument in this Court that appellant has no intention to claim the benefit of the improvements on the land and is willing to make proper reimbursement for them. Miller was not a party here, and we express no opinion on his rights as to the improvements.

Since we find that the Court had jurisdiction of the parties and the subject matter, and that the decree vesting the absolute and indefeasible title in appellant was not obtained by fraud, we must reverse the order striking out the decree and annulling the County Treasurer's deed.

*Order reversed and petition dismissed, with costs.*