884 A.2d 130

**ROYAL PLAZA COMMUNITY ASSOCIATION, INC.**

v.

**Eugene BONDS.**

**No. 5, Sept. Term, 2005.**

Court of Appeals of Maryland.

Oct. 4, 2005.

188

J. Peter Puglia (Andrews & Puglia Law Group, LLC, Gaithersburg, on brief), for petitioner.

Susan Mays, Glen Burnie, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

CATHELL, J.

This case arises from an action to foreclose the equity of redemption with respect to real property sold at a tax sale in 1997. At issue is whether the Circuit Court of Prince George's County lacked jurisdiction to enter a valid order of foreclosure because Petitioner Eugene Bonds' ("Bonds"), assignor, Willie Lenson,[1] failed to follow the notice requirements provided by Md.Code (1985, 2001 Repl.Vol., 2004 Cum.Supp.), § 14–836(b) of the Tax–Property Article, as they apply to Respondent Royal Plaza Community Association, Inc.[2] ("HOA").

1. Assignor's name as found in the original complaint.

2. Originally, the name of the homeowners association was Royal Plaza Homeowner's Association, Inc. Its charter was forfeited on October 7, 1999, however, and pursuant to filing Articles of Revival on June 16, 2003, the association changed its name to Royal Plaza Community Association, Inc.

The HOA's petition for writ of certiorari presents one question for our review:

"Did the Court of Special Appeals err when it held that although a plaintiff in an action to foreclose the equity of redemption willfully failed to strictly follow the notice requirements under § 14–836(b) of the Tax–Property [A]rticle, the circuit court had jurisdiction to enter a valid order of foreclosure?"

The HOA's brief on appeal presents a number of additional questions, which we decline to discuss both because they were not presented in its petition for writ of certiorari and because, in any event, it would not be necessary to reach them even if they had been properly presented.

## I. Facts

The piece of property this case concerns is a 4.42534 acre parcel ("the parcel") situated in the center of the Royal Plaza subdivision in Prince George's County. Royal Plaza is a community of residential townhouses built in the late 1980s and early 1990s. On May 22, 1989, Royal Plaza Associates Limited Partnership ("the developer")[3] recorded in the Land Records of Prince George's County, four subdivision plats for the prospective Royal Plaza development. Each plat delineated a separate section of the development and designated common areas within each section for recreation or open space. The property in question was one of the designated common areas. This particular plat, Plat One, described the parcel as:

"PARCEL A TO BE CONVEYED TO THE
HOMEOWNERS ASSOCIATION 192,767.87
SQ. FT. OR 4.42534 ACRES"

On July 27, 1989, the developer formed the HOA as a non-profit Maryland corporation. John Dowd, the general partner and resident agent of the developer, was listed as the HOA's

---

**3.** The developer's charter was later forfeited on October 2, 1997, and was never revived.

resident agent and was a member of its board of directors. A specific purpose enumerated in the HOA's Articles of Incorporation is "to provide for or assure maintenance, preservation and architectural control of the Lots and Common Area within the [development.]" On May 3, 1991, the developer conveyed by deed two of the four common areas to the HOA. Parcel A, the property in question, for reasons not made clear in the record, was not conveyed to the HOA.

On May 12, 1997, there was a tax sale of the parcel and Willie Lenson ("Lenson") purchased the tax certificate for the property for the sum of $4,000. Lenson had a title search conducted on September 14, 1998, which confirmed that the developer was the sole owner of the property. On September 23, 1998, Lenson filed a Complaint to Foreclose the Equity of Redemption in the Circuit Court for Prince George's County. At the time of the tax sale and foreclosure, the developer was still the record title owner of the parcel. Lenson attempted to serve notice on the developer, but was unsuccessful.[4] Lenson did not send written notice of the proceedings specifically to the HOA. It should be noted, however, that the HOA's resident agent, John Dowd, was also the developer's resident agent and listed the same address on record with the SDAT in his capacity as agent for both organizations.

On January 13, 2000, the Circuit Court foreclosed the right of redemption and conveyed full ownership of the parcel to Lenson. On October 22, 2001, well over a year later, the HOA filed a motion to vacate the judgment foreclosing the right of redemption on the parcel, along with a motion to intervene in the foreclosure action as a defendant.[5] On November 6, 2001,

---

**4.** Lenson mailed by certified mail, restricted delivery, return receipt requested, a copy of the summons, complaint, and publication order to the resident agent's address on file with the Maryland State Department of Assessments and Taxation (SDAT) addressed: "Royal Plaza Associates Limited Partnership: Attn. John Dowd." The service was returned as undeliverable. Service was also sent to the developer in care of the SDAT, and notice was posted on the property and published.

**5.** The HOA did not exist at this time. As indicated, its charter had been forfeited on October 7, 1999, and not revived until June 16, 2003. In

before the motion was ruled on, Lenson sold the parcel to Bonds, who recorded his deed to the property on December 5, 2001.

On January 14, 2002, Bonds filed a motion to intervene as successor-in-interest to Lenson. On February 15, 2002, the Circuit Court granted both the HOA's and Bonds' motions to intervene. In addition, the court vacated the order foreclosing the right of redemption, finding that the HOA was entitled to receive actual notice of the complaint.

On January 3, 2003, Bonds amended the original complaint to foreclose the right of redemption to include a claim to quiet title. On September 10, 2003, ruling on a motion by Bonds, the Circuit Court dismissed the claim for lack of jurisdiction. Bonds filed a timely appeal. On December 29, 2004, the Court of Special Appeals reversed the Circuit Court's ruling, holding that Lenson's failure to send the HOA notice did not deprive the Circuit Court of jurisdiction to enter judgment and that the Circuit Court erred in vacating the judgment and remanded the case to the Circuit Court to reinstate the order foreclosing the right of redemption. *Bonds v. Royal Plaza Community Associates, Inc.*, 160 Md.App. 445, 864 A.2d 257 (2004). The HOA filed a petition for writ of certiorari which we granted on April 7, 2005. At no time has the record owner of the tract of land, the developer, challenged the foreclosure of the right of redemption.

## II. Discussion

The HOA contends that Bonds, as assignee of Lenson, failed to strictly follow the notice requirements under § 14–836(b) of the Tax–Property Article, and therefore, the Circuit Court for Prince George's County lacked jurisdiction to enter a valid order of foreclosure. Under the circumstances here present we find that the Circuit Court had jurisdiction to enter an order foreclosing the equity of redemption.

---

light of our resolution of the issue presented we need not address the effect of the forfeiture of the HOA's charter or the state of its existence.

Sections 14–808 through 14–854 of the Tax–Property Article set out and govern the procedure for tax sales in Maryland. Section 14–832 of the Tax–Property Article requires that provisions relating to tax sales (§§ 14–832.1 through 14–854) "shall be liberally construed as remedial legislation to encourage the foreclosure of rights of redemption by suits in the circuit courts and for the decreeing of marketable titles to property sold by the collector." As we stated in *Thomas v. Kolker,* 195 Md. 470, 475, 73 A.2d 886, 888 (1950), "the legislature has declared that the public interest in marketable titles to property purchased at tax sales outweighs considerations of individual hardship in every case, except upon a showing of lack of jurisdiction or fraud in the conduct of the foreclosure." *See also Lippert v. Jung,* 366 Md. 221, 230, 783 A.2d 206, 211 (2001); *Hardisty v. Kay,* 268 Md. 202, 208, 299 A.2d 771, 774 (1973); *Kaylor v. Wilson,* 260 Md. 707, 712, 273 A.2d 185, 187 (1971).

■ The success and finality of tax foreclosure sales is essential to the marketability of title to property. This is further evidenced by § 14–845(a) of the Tax–Property Article which addresses the reopening of judgments generally:

> "A court in the State may not reopen a judgment rendered in a tax sale foreclosure proceeding except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose; however, no reopening of any judgment on the ground of constructive fraud in the conduct of the proceedings to foreclose shall be entertained by any court unless an application to reopen a judgment rendered is filed within 1 year from the date of the judgment."

After a year has passed, the only occasions in which a judgment in a tax foreclosure sale will be reopened is if there was a lack of jurisdiction or actual fraud. Constructive fraud "shall be entertained" as a reason to reopen a judgment only if the claim is brought within one year from the date of the judgment. In the case *sub judice,* there was no claim or evidence of actual fraud in the record and the claim of the

HOA was filed more than a year after the entry of the judgment.[6]

In determining whether the Circuit Court lacked jurisdiction we look to the pertinent sections of the Tax–Property Article. Section 14–835(a) of the Tax–Property Article addresses the "Form of complaint," stating that "[a] person shall file a complaint in the circuit court for the county in which the land is located" and § 14–834 provides for the jurisdiction of the court:

" **§ 14–834. Jurisdiction of court.**

The circuit court, on the filing of a complaint to foreclose the right of redemption, has jurisdiction to give complete relief under this subtitle, in accordance with the general jurisdiction and practice of the court, and with all laws and rules of court that relate to the circuit courts for the county in which the property is located, except as otherwise provided in this subtitle, to bar all rights of redemption and to foreclose all alienations and descents of the property occurring before the judgment of the court as provided in this subtitle and all liens and encumbrances on the property, except property taxes that arise after the date of sale, and to order an absolute and indefeasible estate in fee simple or leasehold to be vested in the holder of the certificate of sale."

■ Under the circumstances here present, an accurate interpretation of the notice requirements outlined in § 14–836 of the Tax–Property Article is determinative. Section 14–836, in its relevant parts, identifies the necessary parties to an action to foreclose the right of redemption, and what notice must be sent to those who are not necessary parties:

---

6. The Circuit Court foreclosed the right of redemption on the property on January 13, 2000, and the HOA did not file to reopen until October 22, 2001, almost two years later. This is well in excess of the one year period in which judgment may be reopened for constructive fraud under § 14–845(a).

" § 14–836. Parties.

(a) *Plaintiffs.*—The plaintiff in any action to foreclose the right of redemption shall be the holder of the certificate of sale.

(b) *Defendants; notice.*—(1) Except as otherwise provided in this subsection, the defendants in any action to foreclose the right of redemption shall be:

(i) the record title holder of the property as disclosed by a search performed in accordance with generally accepted standards of title examination of the land records of the county, of the records of the register of wills of the county, and of the records of the circuit court for the county;

(ii) if the property is subject to a ground rent, the record title holder of the fee-simple title and the owner of the leasehold title . . . ;

(iii) any mortgagee of the property . . . ;

(iv) the trustee under any deed of trust recorded against the property or any holder of a beneficial interest in a deed of trust who files notice of the interest . . . ;

(v) the county where the property is located;  and

(vi) if appropriate, the State.

(2) The plaintiff may choose not to include as a defendant any of the persons enumerated in paragraph (1) of this subsection.  However, the rights of any person not included as a defendant are not affected by the proceedings.

(3) Subject to the provisions of paragraph (4) of this subsection, it is not necessary to name as defendant any other person that has or claims to have any right, title, interest, claim, lien or equity of redemption in the property sold by the collector.  Any of these persons are included as defendants by the designation 'all persons that have or claim to have any interest in property. . . . (giving a description of the property in substantially the same form as the description that appears on the Collector's certificate of tax sale).'  Any of these persons may be designated throughout the proceeding by the above designation and the

cause may proceed against them by publication under order of court as provided in this subtitle.

(4) (i) Notwithstanding the provisions of paragraph (3) of this subsection, the plaintiff shall send written notice of the proceeding to:

1. all persons having a recorded interest, claim, or lien, including a judgment, who have not been made a defendant in the proceeding, and, if the subject property is the common areas owned by or legally dedicated to a homeowners association, to the homeowners association governing the property, at the last reasonably ascertainable address; and

. . .

(ii) The notice under this subsection shall:

1. be sent by certified mail, postage prepaid, return receipt requested, bearing a postmark from the United States Postal Service; and

2. be accompanied by a copy of the complaint.

(iii) The plaintiff shall file in the action:

1. the return receipt from the notice; or

2. an affidavit that:

A. the notice provisions of this subsection have been complied with; or

B. the address of the holder of the subordinate interest is not reasonably ascertainable."

Section 14–836(b)(1) clearly defines and sets forth the necessary defendants in any action to foreclose the right of redemption to a piece of property. It is evident from the facts that the HOA does not fall under any of the categories of § 14–836(b)(1). The developer failed to effectuate a conveyance of the property to the HOA. Neither did the HOA initiate suit to require the developer to do so. The HOA never became the record title holder of the property and title remained in the developer's name. It is also clear that the HOA is not a mortgagee or assignee of the mortgagee of record, nor a trustee or holder of a beneficial interest in a deed of trust. Lenson was not required to name the HOA a defendant in this action because it does not fall under one of the categories enumerated in § 14–836(b)(1).

Section 14–836(b)(3) states, "it is not necessary to name as defendant any other person that has or claims to have any right, title, interest, claim, lien or equity of redemption in the property sold by the collector." These "other" persons not named as defendants are included as defendants by the "catch-all" designation " 'all persons that have or claim to have any interest in property. . . .' " *Id.* Section 14–836(b)(3) specifies that notice be provided to any such "other" defendants in this instance through "publication."

Lenson, the original tax sale purchaser, had a title search performed on both the land records and the records of the Register of Wills of Prince George's County preceding the filing of his initial complaint. This search discovered that the developer was the record title holder of the property in question, a fact not disputed by the HOA. Lenson sent notice of his action to foreclose the right of redemption on the property to the address for the developer's resident agent on file at the SDAT, to the developer in care of the SDAT, *and posted notice on the property itself. Lenson also published notice in the county newspaper of record: The Prince George's Post.* The publication properly complied with § 14–836(b)(3) [7] and was posted weekly for three successive weeks beginning on December 24, 1998.

Lenson satisfied the requirement of notice by publication under § 14–836(b)(3), as outlined above. The HOA, however, argues that it was entitled to written notice as a homeowners association, pursuant to § 14–836(b)(4)(i)(1):

"(4) (i) *Notwithstanding the provisions of paragraph (3) of this subsection, the plaintiff shall send written notice of the proceeding to:*

---

7. The Order of Publication included the "catch-all" provision, stating: "And all unknown owners of property described below, their heirs, devisees, and personal representatives and their or any of their heirs, devisees, executors, administrators, grantees, assigns, or successors in right, title and interest and *any and all persons having or claiming to have an interest in said property* which is described as:

C–1–97: Sixth (6th) Election District, Spaulding, Plat 1, Parcel A, Common Area Per Plat, 4.4253 Acres, Blk A, Royal Plaza ASSMT $40.00, recorded at Liber 06887 at Folio 053." [Emphasis added.]

1. all persons having a *recorded interest, claim, or lien,* including a judgment, who have not been made a defendant in the proceeding, and, *if the subject property is the common areas owned by or legally dedicated to a homeowners association, to the homeowners association governing the property, at the last reasonably ascertainable address....*"
[Emphasis added.]

In order for the HOA to be entitled to written notice under § 14–836(b)(4)(i)(1) it must show that it has a recorded interest, claim, or lien in the property or, because the subject property is a common area, that it is owned by or legally dedicated to it. If that burden is met, written notice of the foreclosure action generally must be sent to the HOA at its "last reasonably ascertainable address."

In *Bonds,* the Court of Special Appeals concisely framed the process that a homeowners association must follow to vacate an order foreclosing the right of redemption:

"[A] homeowners association [must] establish three elements in order to successfully vacate an order foreclosing the right of redemption in common area property for failure to send proper notice. First, a homeowners association must show that the common area is owned by, or 'legally dedicated' to it, or that it has a recorded interest, claim or lien. *See* [ ] § 14–836(b)(4)(i)(1). Second, the homeowners association must establish that the tax sale plaintiff failed to send written notice to the association's last reasonably ascertainable address as required. *See id.* Finally, the homeowners association must demonstrate that the failure to send notice resulted in either the court lacking jurisdiction or fraud in the foreclosure proceedings. *See* [ ] § 14–845(a)."

*Bonds,* at 452, 864 A.2d at 261 (alterations added). The Court of Special Appeals found that the HOA satisfied both aspects of the first requirement, that it had a "recorded interest" and the common area was "legally dedicated" to it.[8] *Id.* The court

---

8. We do not necessarily agree or disagree that the HOA had a "recorded interest" or that the property had been "legally dedicated" to it. We

also found that Lenson failed to send written notice of the complaint to foreclose the right of redemption to the HOA's last reasonably ascertainable address as required.[9] *Id.* Finally, the court found that the failure to send notice did not result in lack of jurisdiction and that fraud in the foreclosure proceedings, if any, was constructive and thus barred, because the HOA failed to file its written claim within the one-year period allowed under § 14–845(a). *See Bonds,* 160 Md.App. at 461–63, 864 A.2d at 267.

Assuming, *arguendo,* that the HOA was entitled to written notice under § 14–836(b)(4)(i)(1) because it had either a "recorded interest" from the designation on the plat and/or the property was "legally dedicated" to it,[10] Lenson's failure to send written notice to the HOA at its last reasonably ascertainable address does not preclude the Circuit Court from having jurisdiction to foreclose the equity of redemption under the circumstances here present.

"The law is established that tax foreclosure proceedings are *in rem* and not *in personam.*" *Sanchez v. James,* 209 Md. 266, 270, 120 A.2d 836, 837 (1956). The Court in *Sanchez* discussed *Leigh v. Green,* 193 U.S. 79, 90, 24 S.Ct. 390, 393, 48 L.Ed. 623, 628 (1904), noting:

---

will not address those issues as they are not dispositive of the question at hand.

**9.** It is undisputed that Bonds' predecessor in interest, Lenson, failed to send written notice directly to the HOA. Lenson sent written notice to the developer's (the owner of the property) resident agent at the address on file with the SDAT. As noted above, the resident agent for the developer, John Dowd, was also the resident agent for the HOA. In his capacity as resident agent for both the developer and the HOA, John Dowd maintained identical addresses with the SDAT. Therefore, had Lenson properly sent written notice to the HOA the same result would likely have occurred—the service would have been returned as "undeliverable."

**10.** The language contained in the plat may be a promise to convey property sometime in the future. To the extent it has legal significance it is similar to an option. Because of our resolution of the issues, we need not address the issues relating to a possible option or dedication and thus, need not address these issues as they may relate to the Rule Against Perpetuities. We leave those issues to another day.

"[D]ue process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States is not denied the owner of real estate by the lack of any provision for personal service on him of notice of the pendency of a proceeding *in rem* authorized by statute to enforce the lien acquired by a purchaser of the property at a tax sale, where notice is given by publication to all persons interested in the property to appear and set up their claims. In that case Justice Day, delivering the opinion of the Court, pointed out that tax foreclosure proceedings are not actually proceedings against parties, but the statute undertakes to proceed *in rem* by making the real estate answer for the public dues, and the primary object of the statute is to reach the real estate which has been assessed."

*Sanchez*, 209 Md. at 270, 120 A.2d at 837. We have further stated that, "[a] proceeding to foreclose an equity of redemption in a tax sale is a proceeding *in rem* or *quasi in rem* and the Legislature, without affronting due process, could have provided that all interested parties [ ] were to be brought before the court by publication." *Master v. Master*, 223 Md. 618, 624, 166 A.2d 251, 256 (1960) (citing *James v. Zantzinger*, 202 Md. 109, 114, 96 A.2d 10, 12 (1953); *Gathwright v. Mayor and City Council of Baltimore*, 181 Md. 362, 367–69, 30 A.2d 252, 255–56 (1943)) (alteration added). Publication, by itself, may under appropriate circumstances satisfy due process requirements.[11] As noted above, it is undisputed that there was notice by publication. The Legislature, however, in creating § 14–836(b), has statutorily mandated personal service in some instances.

The HOA asserts that § 14–836(b)(4)(i)(1) provides for such an instance. While the section certainly provides that a homeowners association is entitled to receive notice in certain cases, it does not elevate that requirement to the level of those necessary defendants outlined in § 14–836(b)(1). The HOA cites numerous cases to sustain its argument that the Circuit Court lacks jurisdiction because it, as a homeowners associa-

---

11. But see our further discussion, *infra.*

tion, was not properly served with notice. All of these cases, however, address the Circuit Court's lack of jurisdiction to foreclose the interest of a necessary defendant, *i.e.*, an owner or other enumerated party in § 14–836(b)(1), who was not properly served with notice.

In *St. George Antiochian Orthodox Christian Church v. Aggarwal,* 326 Md. 90, 92, 603 A.2d 484, 485 (1992) we "deal[t] with the serious question of what steps must be taken by the tax sale purchaser to attempt to notify the property *owner* of the impending foreclosure of the right to redeem" (emphasis added). In *Smith v. Watner,* 256 Md. 400, 402, 260 A.2d 341, 342 (1970), the facts show that "[i]t is clear ... that the records of the County Treasurer, in 1953, showed appellants to be the *owners* of the lot" and that "the title to the property was in the appellants" (alterations added) (emphasis added). The property in question in *Master* was owned by husband and wife as tenants by the entirety. *Master,* 223 Md. at 620, 166 A.2d at 253. After the husband and wife separated, the husband failed to pay taxes on the property and it was sold at tax sale to a company run by the husband. *Id.* at 620–21, 166 A.2d at 253–54. The Court found that the wife, an *owner,* was entitled to written notice. *Id.* at 624–25, 166 A.2d at 256. In *Nichol v. Howard,* 112 Md.App. 163, 166, 684 A.2d 861, 863 (1996), the Court of Special Appeals found that the *"[o]wner* had title to [the] property"* (alterations added) (emphasis added). The Court of Special Appeals, in *Bailey v. Stouter,* 66 Md.App. 180, 191, 502 A.2d 1125, 1131 (1986), addressed the situation of notice being provided to the trustees holding title to a piece of property stating, "[w]hat we have, then, is a case in which the beneficial owners were given proper notice by publication but the legal *owners*-the two trustees were not" (emphasis added).

The HOA also argues that *Scott v. Seek Lane Venture, Inc.,* 91 Md.App. 668, 605 A.2d 942 (1992), *cert. denied,* 327 Md. 626, 612 A.2d 257 (1992) directly contradicts the holding of the Court of Special Appeals decision in the case *sub judice.* The facts of *Scott,* however, are distinguishable. In that case, Scott purchased property at a tax sale that had been *owned* by

Seek Lane Venture, Inc. ("Seek Lane"). Similar to the developer in the case *sub judice*, Seek Lane had forfeited its charter and was a defunct corporation. Scott, knowing that Seek Lane was defunct, sent notice of the complaint to foreclose the equity of redemption to a post office box address obtained from the land records. In *Scott*, the Court of Special Appeals noted that: "Since Scott had actual knowledge of the non-existence of the corporate entity, she was required to undertake a reasonable search for the identity of the directors-trustees [of Seek Lane Venture, Inc.], and to give them notice by mail or other means as certain to ensure actual notice." *Id.* at 687, 605 A.2d at 951 (alterations added). The court, further, held that there was improper service and "that, under the facts of th[e] case, Scott's failure to search for this readily available information [about the owner] constituted a willful refusal to know." *Id.* at 687–88, 605 A.2d at 951 (alterations added).

The first, and most important factor in distinguishing *Scott* from the case *sub judice*, is that Seek Lane Venture, Inc. was the *owner* of the property. The Court of Special Appeals did not address whether the Seek Court Homeowners Association, Inc. was entitled to notice of the tax sale because the issue was not properly before it on appeal. *Scott*, 91 Md.App. at 688, 605 A.2d at 952. Secondly, there is no contention in the case *sub judice* that Lenson, as predecessor in interest to Bonds, had any actual knowledge of the non-existence of the developer. There is certainly no evidence that there was "a willful refusal to know" on the part of Lenson. In any event there is no sufficient indication in this record that Lenson intentionally failed to recognize that there was a homeowners association that might have some type of right to notice under § 14–836(b)(4).

All of the cases cited above by the HOA deal with the failure of an *owner* of property to receive proper notice of an action to foreclose that owner's right of redemption. This is distinguishable from the HOA's situation. The Maryland Code and case law specifically provide that the parties designated in § 14–836(b)(1) are the parties that must be included

as necessary defendants and served with written notice. This is evident through § 14–836(b)(2) which provides that "[t]he plaintiff may choose not to include as a defendant any of the persons enumerated in paragraph (1) of this subsection. However, *the rights of any person not included as a defendant are not affected by the proceedings*" (emphasis added). The second sentence in § 14–836(b)(2) directly references the first sentence and, thus, only applies to the necessary defendants enumerated in paragraph (1) of § 14–836(b).

In the case *sub judice,* it is undisputed that the developer was the legal title holder of record of the parcel sold at tax sale to Lenson and subsequently transferred to Bonds. The HOA had no interest that rose to the level of a record title holder, mortgagee or assignee of the mortgagee of record, or a trustee or holder of a beneficial interest in a deed of trust. *See* § 14–836(b)(1). See, *Ayres v. Townsend,* 324 Md. 666, 675, 598 A.2d 470, 474–75 (1991) where we discussed whether the rights of an individual with the right of first refusal created in a deed could be equated with the rights of a record title holder:

"It is clear that Amato's interest in the property was delineated in the deed and, therefore, was ascertainable through a search of the land records. That, of course, does not elevate her interest to that of a 'record title holder,' within the contemplation of § 14–836(b)(1)(i); rather, her right to notification of the tax sale was by publication under the provisions of § 14–836(b)(3) as a person having an interest in the property, but not specifically required to be named as a defendant."

While the HOA may have had some type of right to receive the property in question, it is clear that § 14–836(b) does not specifically require that it be named as a defendant.

Generally, in the case of a person who has a potential interest in property sold at tax sale, publication, by itself, might, prior to 1994, satisfy notice requirements under § 14–836(b)(3). The General Assembly, however, saw fit to include paragraph (4), when it amended the Code in 1994. The Court

of Special Appeals aptly addressed the change in language in its opinion below, stating: "There is no doubt that when the legislature amended the language of subsection (4) of [ ] § 14–836(b) in 1994, it intended to add a mechanism to protect homeowners associations, such as the HOA, against inadvertent loss of common area property through tax sale proceedings, even when the associations did not hold record title." *Bonds,* 160 Md.App. at 458, 864 A.2d at 265 (citing 1994 Md. Laws, ch. 580 § 1 (effective Oct. 1, 1994)) (alteration added) (footnote omitted). The court supported this contention by referencing the House Economic Matters Committee Floor Report for the 1994 House Bill 657, which states:

> " 'Current law requires notice of a tax sale to be sent to all persons having a recorded interest, claim, or lien on the property. However, this does not ensure notice to an association when, for example, **the common area is sold while still under control of the developer.**' "

*Bonds,* 160 Md.App. at 459, 864 A.2d at 265. The court concluded that "[t]he mechanism that [the legislature] chose to add was a requirement that the person seeking to foreclose an equity of redemption send notice to any homeowners association that 'owned' the property or to whom the property had been 'legally dedicated.' " *Id.,* at 458, 864 A.2d at 265 (alteration added).

The Court of Special Appeals found, and we concur with their reasoning, that, "we glean from the language of [§ 14–836(b)(4)(i)(1)] that the legislature did not intend that homeowners associations be made party defendants when they did **not** hold record title." *Id.* at 459, 864 A.2d at 265 (alteration added). As noted above, § 14–836(b)(1) clearly delineates those that must be made named defendants [12] and the HOA does not meet any of the criteria. We agree with the Court of Special Appeals' interpretation of the legislative intent regarding the 1994 amendments to § 14–836(b)(4):

---

**12.** Under § 14–836(b)(4) the HOA may well be a defendant, even though it is not required to be a named defendant.

"It would have been a simple matter to add homeowners associations to subsection (1) of section 14–836(b), thus making them necessary parties, with the rights attendant thereto. This was not done. Instead, the legislature gave them a lesser degree of protection, by adding them as entities entitled to notice under subsection (4) of section 14–836(b).

"We presume that the legislature understood that, in declining to make the homeowners associations necessary parties, it failed to guarantee them the same protection granted to necessary parties, *i.e.,* that a failure to notify them would deprive the court of jurisdiction to foreclose on their property interests. *See, e.g., Master,* 223 Md. at 624, 166 A.2d 251 (when necessary party is not served, court has no jurisdiction to foreclose interests of that party). *See also Mayor & City Council of Baltimore v. Hackley,* 300 Md. 277, 283, 477 A.2d 1174 (1984) ('[T]he legislative body is presumed to have had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute')."

*Bonds,* 160 Md.App. at 459, 864 A.2d at 265–66. The HOA was entitled to receive written notice pursuant to § 14–836(b)(4)(i)(1). Its failure, however, to receive written notice does not preclude the Circuit Court from having jurisdiction in this case. Only necessary parties are entitled to that level of protection.

The treatment of homeowners associations under § 14–836(b)(4)(i)(1) is consistent with the legislature's policy of encouraging the foreclosure of rights of redemption. *See* § 14–832. This treatment is necessary in order to maintain the marketability of titles acquired by tax sale. The State of Maryland has a vested interest in the success and viability of its tax sale program. As Judge Davis stated in *Sallie v. Tax Sale Investors, Inc.,* 998 F.Supp. 612, 618 (D.Md.1998):

"I am persuaded that Maryland has a significant interest in encouraging participation in its tax sale program and in decreeing marketable title. Further, Maryland's tax sale mechanism is an effective means of collecting property taxes

for the state, and is critical to the state's need to provide a source of revenue for a host of governmental services provided to its citizens."

A finding that the Circuit Court lacked jurisdiction in this case would adversely affect marketability of title obtained through tax sales and frustrate legislative policy. The proper action for the HOA in this case was for it to have timely proceeded on a claim of constructive fraud. As the Court of Special Appeals stated:

> "the failure to give a required statutory notice has been considered constructive fraud. *See Jannenga [v. Johnson,]* 243 Md. [1,] 5, 220 A.2d 89 [(1966)]. If [ ] section 14–845 had not restricted constructive fraud claims to the one year window, then the failure to give notice to the persons and entities listed in subsection (b)(4) (such as the HOA), could entitle them to reopen an order of foreclosure for an unlimited number of years, just like the necessary parties identified in subsection (b)(1). The inclusion of the one year limitation on constructive fraud claims as a basis for reopening suggests that the legislature intended that there be a secondary category of interested persons who were entitled to more protection than the largely 'fiction[al]' notice by publication, but less than necessary party status."

*Bonds,* 160 Md.App. at 460, 864 A.2d at 266 (alterations added) (footnote omitted). As noted above, the HOA's claim was filed after the year limit, and therefore, it is unable to maintain a claim of constructive fraud.

### III.  Conclusion

In affirming the decision of the Court of Special Appeals, we find that the Circuit Court of Prince George's County had jurisdiction to enter a valid order of foreclosure of the equity of redemption even though Bonds, through his predecessor in interest, Lenson, failed to strictly comply with the notice requirements of § 14–836(b)(4). Homeowners associations, lacking title to property, under § 14–836(b)(4) are not the equivalent of named parties as enumerated in § 14–836(b)(1). Therefore, they are not accorded the same protections.

Homeowners associations are joined as parties by publication under § 14–836(b)(3), but are entitled to receive written notice as outlined in § 14–836(b)(4). The proper action to pursue when § 14–836(b)(4) notice is not provided is through a claim of constructive fraud brought within one year of the date of the judgement, pursuant to § 14–845(a). The HOA did not timely assert its rights and has lost them. For the reasons stated herein, we affirm the judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE PETITIONERS.**