613 A.2d 459

Amanda E. SMITH, Substitute Trustee, et al.

v.

Frank LAWLER et ux.

No. 1847, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Oct. 2, 1992.

C. Edward Hartman, III (Steven J. Parrott, Nancy E. Leibowitz and Hartman and Crain, on the brief), Annapolis, for appellants.

Carl A. Harris, Easton, and Russel A. Arlotta (Kramer & Gorney, Chartered, on the brief), Oxon Hill, for appellees.

Argued before ALPERT, WENNER and CATHELL, JJ.

CATHELL, Judge.

This appeal involves three consolidated cases. Two of the cases involve tax sale foreclosures and the third case involves a subsequent foreclosure on a deed of trust. All three of the cases involve the real property known as Unit No. 423 A–204, Building No. 3, of the Georgian Garden Condominium (hereinafter the Property) located in Prince George's County.

## FACTS

The Property was sold by the Collector of Taxes for Prince George's County at a tax sale as a result of nonpayment of the real estate taxes levied against the subject property. Richard P. Arnold purchased the Property at the 1985 tax sale [1] and instituted an action to foreclose the right of redemption (CAE86–15663). A final judgment was entered, which allegedly gave him vested title. Arnold failed to pay the purchase price and Prince George's County obtained a judgment against him.

The County resold the Property at a tax sale in 1988. At this time, the claimed unpaid taxes were $14,156.80, which included the unpaid purchase price from the prior sale in the amount of $9,651.16 that the County had reduced to judgment against Arnold.[2] The Property was purchased by Frank Lawler for $18,000.00. Lawler paid the unpaid taxes

---

1. The actual tax due and owing at that time was $348.84.

2. In light of our decision, we do not address the propriety of the inclusion of the judgment amount as unpaid tax in the second sale.

at the time of sale and the remainder was to be paid in the event he obtained a final judgment in a subsequent tax sale foreclosure proceeding. Lawler filed a Complaint to Foreclose the Right of Redemption (CAE88–20976). On March 21, 1989, a final order was signed, conveying to Lawler title to the Property. On April 21, 1989, a tax sale deed from Prince George's County was recorded among the Land Records which purportedly conveyed title to the Property to appellees Frank and Laura Lawler, as tenants by the entirety.

Unfortunately, the title abstractors failed to discover, and appellees were unaware of, a lien on the Property resulting from a deed of trust that secured a note from Delores LaVern Poole, a former owner of the Property, for the principal sum of $24,735. The deed was duly recorded among the land records prior to the institution of both tax foreclosure actions. Through a series of transactions, the deed of trust was assigned to the Cadle Company. As a result of nonpayment of the sums secured by it, appellant Amanda Smith, substitute trustee, instituted foreclosure proceedings (CAE91–08043). The Property was sold to appellant Cadle Company.

On May 2, 1991, appellees moved to reopen both of the tax foreclosure actions. The court ordered that the tax sale cases, CAE86–15663 and CAE88–20976, be consolidated with the deed of trust foreclosure, CAE91–08043, pursuant to a motion filed by appellees. The circuit court ordered that the tax sale orders be vacated and set aside and that appellants be added as party defendants to the tax sale proceedings. The trial judge ruled that appellees were entitled to an equitable lien for the sums they paid at the 1988 tax sale. Appellants filed this timely appeal and appellees cross appealed.

Amanda E. Smith, substitute trustee under the deed of trust, and the Cadle Company, appellants, are appealing the order granting the equitable lien to the appellees. Appellees cross appeal because of the court's failure to follow the statutory tax sale procedures in the event a tax sale fore-

closure and tax sale deed are set aside and/or voided. Appellees further cross appeal for the court's failure to grant them a lien on the Property equal to the full amount of taxes plus interest paid by them, including all taxes paid on the Property since 1988.

## ISSUES

Appellants present us with five issues:

I. Whether the trial court erred by acting other than to simply ratify or deny ratification of the foreclosure sale.

II. Whether the trial court erred in establishing an equitable lien in favor of the appellees having priority over the deed of trust upon which the foreclosure occurred.

III. Whether the trial court erred in permitting the appellees to collaterally attack the final ruling in the tax sale cases by raising issues exclusive to the tax sale cases as exceptions to the ratification of the foreclosure sale.

IV. Whether the trial court erred in establishing a lien which is not reflected by the land records.

V. Whether the trial court erred in ordering that the tax sale orders and the deed to the appellees from Prince George's County be set aside and voided.

In their cross appeal, appellees make the following contentions:

1. After properly setting aside and voiding the tax sale order and tax sale deed in CAE88–20976, as required by due process and section 14–845(a) of the Tax–Property Article, the circuit court erred in failing to invoke the statutory tax sale redemption procedures under section 14–845(b) of the Tax–Property Article.

2. After properly setting aside and voiding the tax sale order and tax sale deed in CAE88–20976, as required by due process and section 14–845(a) of the Tax–Property Article, the circuit court erred in failing to establish a statutory lien on the property in favor of appellees for

all of the tax sale purchase money paid by appellees, as required by section 10–137(a) of the Prince George's County Code.

3. After properly setting aside and voiding the tax sale order and tax sale deed in CAE88–20976, as required by due process and section 14–845(a) of the Tax–Property Article, the circuit court erred in failing to provide full equitable relief to appellees by establishing an equitable lien for all of the taxes and interest paid by appellees.

## DISCUSSION

### I. THE TRIAL COURT ERRED BY ACTING OTHER THAN SIMPLY TO RATIFY OR DENY RATIFICATION OF THE FORECLOSURE SALE.

 Appellants maintain that the court below, in ratifying the mortgage foreclosure sale, was limited to simply ratifying the sale or denying the sale, and that by ratifying the sale subject to an equitable lien the court exceeded its authority.

Maryland Rule BR6(b)(4) provides that

[a] final order of ratification of a sale shall be passed by the court after the time for responding to any order ... has expired, if the court is satisfied that the sale was fairly and properly made, and exceptions are not filed to the report of sale, or if exceptions are filed but overruled.

Thus, if the court decides that the sale was held fairly and properly and exceptions are not filed, it shall ratify the sale. If, however, exceptions are filed that cause the court to decide that the sale was not fairly or properly held, it shall not ratify the sale.

On the other hand, Maryland Rule BR6(c) explicitly grants the court the power to "take such other action as justice may require" *in the case of default by a purchaser after the sale has been ratified.* The conspicuous absence of such explicit language in Rule BR6(b)(4) indicates the trial court's lack of authority to take action under BR6(b)(4)

"as justice may require." Under Rule BR6(b)(4), the trial court's authority is thus limited to either ratification or denial. *See Satchell v. State*, 54 Md.App. 333, 339, 458 A.2d 853 (1983), *aff'd*, 299 Md. 42, 472 A.2d 457 (1984) (court rules relating to the same subject matter will be construed to harmonize with each other and not produce unreasonable results). *See also In Re Leslie M.*, 305 Md. 477, 481, 505 A.2d 504 (1986).

The lower court, in the case *sub judice*, ratified the mortgage foreclosure sale subject to an equitable lien in favor of the appellees for the amount of the taxes they paid pursuant to the tax sale of the Property in 1988 and set aside and voided orders in the tax sale proceeding and also voided the tax sale deed. The only option available to the lower court was ratification or denial of the mortgage foreclosure sale. It did not have the discretion to create an equitable lien or to grant the additional orders.

We hold that Rule BR6(b)(4) gives the trial court the specific authority to ratify a foreclosure sale if the trial court finds that the sale was fairly and properly made and no exceptions are filed or exceptions are filed and overruled. If the trial judge finds that the sale was not fairly and properly held, then denial of ratification is appropriate. The rule provides no discretion or authority to do otherwise. Thus, any other action taken by the lower court, *i.e.*, the creation of an equitable lien in favor of the appellees in the amount of $14,156.80 and the voiding and setting aside of the tax sale and the tax sale deed, was unauthorized.[3]

On cross appeal, the appellees contend that the trial court in the exercise of its equitable jurisdiction has full power to hear and determine all objections that may be filed against a sale. They, thus, make an inference that the prior tax sale deed and foreclosure constitutes an exception to the

---

3. Our holding is limited in its applicability to foreclosure sales under the W and BR Rules. We do not address the availability of equitable or legal action against others which may be available to appellees in respect to the sums expended by them.

mortgage foreclosure sale. In *Voge v. Olin*, 69 Md.App. 508, 515, 518 A.2d 474 (1986), *cert. granted*, 309 Md. 411, 524 A.2d 92 (1987), we held that "[t]he tax sale foreclosure statute does not expressly or impliedly preclude the circuit court from exercising its general equity jurisdiction in mortgage foreclosure proceedings." We went on to hold, however, that "until such time as the court enters a final judgment foreclosing the rights of redemption there is nothing to prevent the exercise by the court of its general equity jurisdiction based upon the tax sale redemption statute in a mortgage foreclosure action...." *Voge*, 69 Md. App. at 522, 518 A.2d 474.[4]

While we do not perceive the tax sale matter to have been a proper exception to the conduct of the mortgage foreclosure sale, even if such tax matters might generally constitute exceptions, in this specific case it would be improper. Final judgment foreclosing the rights of redemption in connection with the tax sale was entered on March 21, 1989. After that date, the trial court could not properly exercise its general equity jurisdiction based upon the tax sale redemption statute in the mortgage foreclosure action. Thus, we hold that the trial court exceeded its authority in creating an equitable lien in favor of the appellees.[5] As we have indicated, the tax sale matter does not appear to be an appropriate subject for an exception in any event. In *Southern Maryland Oil, Inc. v. Kaminetz*, 260 Md. 443,

---

**4.** *Voge* involved a limited issue: "Does the doctrine of *custodia legis* preclude a circuit court from acting on a petition to foreclose a mortgage ... when a petition to foreclose the equity of redemption had been filed previously in the same court by one who had purchased the property at a tax sale?" *Voge*, 69 Md.App. at 510, 518 A.2d 474. We answered in the negative.

**5.** We emphasize that this case does not reach us in the character of an action for the imposition of a constructive trust or under any theory of unjust enrichment. We note that the unjust enrichment, if any, benefited Prince George's County, not appellants. We also note that the failure to discover the existence of the lien upon the property and the failure to name appellants as defendants in the tax sale proceeding was appellees' error.

449, 272 A.2d 641 (1971), the Court of Appeals, affirming the standing of a lessee of a mortgagor to file exceptions, stated:

> Generally speaking, in order to have status to file exceptions ..., the exceptant, other than a purchaser, must have an interest in the proceeds of sale as mortgagor or as claiming through the mortgagor—or the exceptant may have an interest in the property sold which may be adversely affected by the sale, *either illegally or improperly made.* [Emphasis added, citations omitted.]

The Court further opined:

> Southern, therefore, must allege in its exceptions some impropriety *in the conduct* of the foreclosure sale or fraud by the mortgagor known to the purchaser which would render the sale invalid....
>
> ....
>
> The exceptions allege no failure to perform any terms of the mortgage itself which could lead to the loss of the right to foreclosure.

*Id.* at 453–56, 272 A.2d 641 (emphasis added, citations omitted).

In the case *sub judice*, the appellees attempt to bootstrap the rights they acquired at a tax sale to a priority position ahead of the rights of the debtor under the deed of trust. The tax sale statute provides a way for the relative priorities to be addressed. As we explain, *infra*, appellees failed to avail themselves of that method. Additionally, while they may have standing to file exceptions through the rights they acquired at the tax sale, their exceptions to the ratification of sale are not to the manner of sale, nor do they allege any fraud in the conduct of the sale. Thus, even if they had standing, their complaints did not constitute proper exceptions. The exceptions should have been denied.

Additionally, while their tax sale purchaser status may have given them status under Maryland Rule W76(b) to claim standing to bring an action for *injunctive* relief, a claim to an interest in the property, "derived and accruing

after the recording of the mortgage," the W Rules require a party asserting such a claim to meet certain conditions precedent. These conditions include the payment into court of the sum due under the instrument, or an affirmation that the mortgage is not in default, etc. It is clear that appellees did not meet, nor could they have met, any of these conditions. By excepting to the ratification of sale, appellees attempted to accomplish what they could not accomplish under the W Rules.

Generally, as we perceive it, exceptions to mortgage foreclosure sales are to the sale, not the underlying authority or title contained in the mortgage. In any event, for the reasons discussed, *infra,* the trial court erred in this specific case. Therefore, we do not further address the extent to which exceptions may be used by those not parties to the instrument to litigate title to the property.

II. THE TRIAL COURT ERRED IN ESTABLISHING AN EQUITABLE LIEN IN FAVOR OF THE APPELLEES HAVING PRIORITY OVER THE DEED OF TRUST UPON WHICH THE FORECLOSURE OCCURRED.

Appellants maintain that the trial court erred by establishing an equitable lien in favor of the appellees for the amount of taxes paid at the 1988 tax sale. We agree.

Equitable liens are proper in situations where an individual intends, by a written instrument, to create a lien on his or her land, but fails, through mistake or oversight to create a statutorily valid lien. *Adams v. Avirett,* 252 Md. 566, 571, 250 A.2d 891 (1969). *See also Watson v. Watson,* 304 Md. 48, 59, 497 A.2d 794 (1985); *Wethered v. Alban Tractor Co.,* 224 Md. 408, 421–22, 168 A.2d 358 *cert. denied,* 368 U.S. 830, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961). "In the absence of a written contract construed to embody the full agreement of the parties, an equitable lien may be found *only* where the sum total of the circumstances of the dealings between the parties fairly may be said to evidence an intent to create such a lien." *Equitable Trust Co. v. Imbesi,* 287

Md. 249, 260, 412 A.2d 96 (1980) (emphasis added). Further, we have stated that "there can be no existing lien on property until and unless the claimant prevails either in a suit to enforce the claimed lien or in some other appropriate proceeding providing notice and a hearing...." *Scott & Wimbrow, Inc. v. Calwell,* 31 Md.App. 1, 6, 354 A.2d 463 *cert. denied,* 278 Md. 733 (1976) (quoting *Barry Properties, Inc. v. Fick Bros. Roofing Co.,* 277 Md. 15, 37, 353 A.2d 222 (1976)).

In the case *sub judice,* there is insufficient evidence to support the imposition of an equitable lien. There is no written instrument or agreement between the parties [6] nor was any evidence presented that would indicate a specific intent to create a lien. There are no prior dealings between the parties that would evidence an intention to create a lien. Additionally, appellees have failed to present any evidence that they prevailed in a suit to enforce the claimed lien or some other appropriate proceeding. Accordingly, even if the trial court had the authority to impose an equitable lien, which we have already determined it did not, there was insufficient evidence to support the lien.

### III. THE TRIAL COURT ERRED IN ORDERING THAT THE TAX SALE ORDERS AND THE DEED TO THE APPELLEES FROM PRINCE GEORGE'S COUNTY BE SET ASIDE AND VOIDED.

■ The Maryland Annotated Code Tax–Property Article, section 14–845(a) (1991 Supp.), provides that a court may not reopen a judgment rendered in a tax foreclosure sale proceeding except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. That section further provides that reopening of the judgment on the grounds of constructive fraud is not permitted unless the application to reopen is filed within one year of the date of the judgment.

---

**6.** The appellees, in fact, were unaware of the existence of appellants.

In the instant case, a final judgment was entered in the second tax foreclosure sale on March 21, 1989. The court had general revisory power for thirty days. Md.Code Ann., Cts. & Jud.Proc. § 6–408 (1989); *Haskell v. Carey,* 294 Md. 550, 559–60, 451 A.2d 658 (1982); *Seidel v. Panella,* 81 Md.App. 124, 131, 567 A.2d 134 (1989), *cert. denied,* 319 Md. 72, 570 A.2d 864 (1990). Thereafter, for a period of one year, the judgment could have been reopened for fraud (including constructive fraud) or lack of jurisdiction. After one year, the judgment could have been reopened only for actual fraud or lack of jurisdiction. *St. George Church v. Aggarwal,* 83 Md.App. 599, 614, 576 A.2d 224 *rev'd on other grounds,* 326 Md. 90, 603 A.2d 484 (1992); *Scheve v. McPherson,* 44 Md.App. 398, 414, 408 A.2d 1071 (1979).

The trial court set aside and voided the prior tax sale orders and the deed to the appellees more than two and one-half years after the entry of the final judgment without any showing of actual fraud or lack of jurisdiction. It is clear that no actual fraud has occurred, nor do appellees allege that fraud occurred. As we have stated, there was no jurisdictional defect as to the appellees. Thus, the trial court erred in setting aside and voiding the prior tax sale orders and deed to appellees. It necessarily follows that, if the trial court lacked authority to reopen the tax sale cases, it also erred in attempting to consolidate those cases with the foreclosure under the deed of trust.

When appellees purchased the Property at the tax sale and subsequently failed to notify appellants and identify them as defendants when they attempted to foreclose the right of redemption, appellees created a situation where they obtained the Property *subject to the rights of the appellants.* The Tax–Property Article explicitly provides that in an action to foreclose the right of redemption in respect to property purchased at a tax sale:

The plaintiff [appellees] may choose not to include as a defendant any of the persons enumerated in paragraph (1) of this subsection. However, the rights of any person

not included as a defendant [appellants] are not affected by the proceedings.[7]

Md.Code Ann., Tax–Prop. § 14–836(b)(2) (1991 Supp.).

Appellants in the case *sub judice* were persons entitled to be named as defendants under the provisions of section 14–836(b)(1). When the appellees in the instant case failed to name appellants as defendants in the tax sale redemption case, they ultimately took the Property subject to the rights of appellants. Appellants retained the rights they had under the instrument of indebtedness. These rights are not limited to the right to intervene in the tax foreclosure cases but include all rights of holders of the instrument of indebtedness. Until a mortgagee is notified of a tax sale proceeding, he/she has no way of knowing of its existence. In light of the language of the statute, the rights reserved by a failure of notification cannot be limited to rights in respect to the tax sale. When the tax sale proceedings have become final and the revisory period expired, a mortgagee, in the absence of proper notice, still retains all rights existing under the instrument of indebtedness. Those rights included the right to institute and maintain a foreclosure action completely free and clear of any rights that appellees belatedly now assert in the mortgage foreclosure action arose from the tax sale and redemption proceedings. Accordingly, the trial court erred when it consolidated the tax sale cases with the mortgage foreclosure sale. It also erred when it imposed a lien as a condition of its ratification of the mortgage foreclosure sale. Under the facts of this case, the trial court abused its discretion when it failed to ratify the mortgage foreclosure sale unconditionally. On remand, the trial court shall ratify the mortgage foreclosure sale. We do not address appellants' remaining issues.

---

**7.** In certain instances, tax sale purchasers may choose to have the property remain under instruments of indebtedness to avail themselves of lower interest rates, etc., so long as the instruments permit alienation.

## IV. CROSS APPEAL

Because we hold that the trial court should have ratified the mortgage foreclosure sale, that appellees took the Property subject to the rights of appellants, and that the trial court improperly reopened and then improperly consolidated the tax cases with the deed of trust foreclosure case, we do not address appellees' cross appeal issues, which all relate to tax sale redemption procedural matters.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEES.